# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ROGER ALLEN NEELEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-00883-DGK |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER REMANDING CASE TO COMMISSIONER FOR FURTHER PROCEEDINGS

Plaintiff Roger Neeley petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. The administrative law judge ("ALJ") found Plaintiff had multiple severe impairments, including status post right rotator cuff repair, asthma/shortness of breath, and obesity, but retained the residual functional capacity ("RFC") to perform work as a cashier, folding machine operator, or bench assembler.

Because the Court cannot determine whether the ALJ's decision is supported by substantial evidence, this matter is REMANDED to the Commissioner for further proceedings.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed the pending application on September 12, 2013, alleging a disability onset date of September 9, 2012. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. On May 6, 2015, the ALJ held a hearing and on

June 9, 2015, the ALJ issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on June 10, 2016, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

2

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff argues the ALJ erred by failing to include certain mental limitations in his RFC, and compounded this error in relying on vocational expert ("VE") testimony elicited in response to flawed hypotheticals. The Court agrees it is unclear whether substantial evidence supports Plaintiff's RFC and the hypotheticals posed to the VE.[2]

An RFC is the most a claimant can still do despite his physical or mental limitations. *See* 20 C.F.R. § 404.1545(a)(1). An ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of [his] limitations.'" *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002)). If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted. SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996). After formulating the RFC, the ALJ must determine whether a claimant "ha[s] the RFC to perform other kinds of work, and [whether] jobs that he could perform exist in substantial numbers in the national economy." *Lauer v. Apfel*, 245 F.3d 700, 703 (8th Cir. 2001). To make this determination, the Commissioner "may rely on a vocational expert's response to a properly formulated hypothetical question to meet her burden of showing that jobs exist in significant numbers which a person with the claimant's [RFC] can perform." *Sultan v. Barnhart*, 368 F.3d 857, 864 (8th Cir. 2004). But testimony from a vocational expert constitutes substantial evidence only when based on a properly-phrased hypothetical question that comprehensively describes the limitations on a claimant's ability to function in the workplace. *Gann v. Berryhill*,

---

[2] Plaintiff makes several other arguments in support of remand. Because the Court finds remand is appropriate under Plaintiff's first theory, it declines to address his remaining arguments.

3

No. 16-2168, 2017 WL 3197610, at *3 (8th Cir. July 28, 2017) (citing *Tucker v. Barnhart*, 363 F.3d 781, 784 (8th Cir. 2004); *Smith v. Shalala*, 31 F.3d 715, 717 (8th Cir. 1994)).

Here, the ALJ considered the medical opinions of Dr. Martin Isenberg, Ph.D. ("Dr. Isenberg"), and licensed psychologist John Keogh, M.A. ("Mr. Keogh") in determining Plaintiff's RFC. Specifically, the ALJ gave "great weight" to: (1) Dr. Isenberg's opinion that Plaintiff's depression is "non-severe"; and (2) Mr. Keogh's opinion that Plaintiff "has only mild impairment in his ability to interact socially in an appropriate manner and to sustain concentration, be persistent in tasks, and maintain an adequate pace in productive activity." R. at 21 (citing R. at 343). He found Mr. Keogh's opinion supported by a mental status examination and the effectiveness of medication in treating Plaintiff's symptoms. R. at 21. The ALJ also assessed mild limitations in activities of daily living, social functioning, and concentration, persistence, or pace at Step Two of the evaluation. R. at 17. After consideration of the evidence, the ALJ determined Plaintiff had the RFC to perform light work, except:

> he can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently; stand and walk 6 hours out of an 8-hour day with normal breaks; sit 8 hours out of an 8-hour day; cannot work above shoulder bilaterally; cannot forcefully grasp or twist; however, ordinary manipulation is not limited; cannot climb ladders, ropes, or scaffolds; cannot crawl; otherwise, all postural can be performed occasionally; and cannot be exposed to extremes of heat or cold or to concentrated airborne irritants.

R. at 18. The ALJ then proffered a hypothetical to the VE that mirrored his RFC finding. R. at 50-51.

The ALJ did not include any mental limitations in Plaintiff's RFC or hypothetical, despite giving the opinion assessing such limitations "great weight."[3] Nor did the ALJ explain the

---

[3] Dr. Isenberg's opinion that Plaintiff's depression was "non-severe" does not cure this deficiency. *Ollila v. Colvin*, No. 13-3345-CV-S-DGK-SSA, 2014 WL 7238128, at *3 (W.D. Mo. Dec. 17, 2014) (A "Step Two finding that Plaintiff's mental impairments were non-severe does not necessarily mean that they imposed *no* work-related functional limitations.") (emphasis in original).

4

exclusion. *See, e.g.*, *Clevenger v. Colvin*, No. 15-CV-6087-SJ-DGK-SSA, 2016 WL 3911982, at *2 (W.D. Mo. July 15, 2016) (remanding where, "[d]espite finding that Plaintiff's social functioning was moderately impaired and noting that those deficiencies support restrictions, the ALJ's mental RFC formulation has no restrictions on social interactions"); *Ollila v. Colvin*, No. 13-3345-CV-S-DGK-SSA, 2014 WL 7238128, at *3 (W.D. Mo. Dec. 17, 2014) (remand necessary where, "[d]espite [assigning significant weight to physician's opinion that Plaintiff had mild restrictions], the ALJ included no mental limitations in the RFC or the hypothetical posed to the VE."); *Lafferty v. Astrue*, 559 F. Supp. 2d 993, 1012 (W.D. Mo. 2008) (remanding where ALJ failed to discredit or include limitations opined by doctor).[4] Accordingly, this matter is remanded for further consideration.

Further, because the RFC and resulting hypotheticals were flawed, the VE's testimony cannot be viewed as substantial evidence that Plaintiff is able to perform work in the national economy. *See Gann v. Berryhill*, No. 16-2168, 2017 WL 3197610, at *4 (8th Cir. July 28, 2017).

---

[4] The Commissioner attempts to distinguish *Ollila* and *Clevenger*. First, the Commissioner points to psychological medical records submitted after the ALJ's hearing in *Ollila* stating the plaintiff had numerous mental functional limitations, and asserts there is no such evidence here. The Court in *Ollila* found these records *arguably* suggested plaintiff had at least mild limitations, and the matter was remanded to the ALJ for further consideration. *Ollila*, 2014 WL 7238128, at *3. Here, the record also contains a psychological evaluation submitted after the ALJ's hearing: that of Allan Schmidt, Ph.D. ("Dr. Schmidt"). R. at 1145-51. During this 2014 evaluation, Plaintiff admitted to having suicidal thoughts and had a very limited recollection of dates and events regarding his own medical history. R. at 1149. Dr. Schmidt found that, following his September 24, 2012, shoulder injury, Plaintiff had moderate impairments in activities of daily living, social functioning, and concentration, and a marked impairment in adaptation. R. at 1150. Just as in *Ollila*, these records are relevant and arguably suggest that Plaintiff has at least mild limitations. But, "[w]hether this evidence will *require* inclusion of mental limitations in Plaintiff's RFC is a question best left to the ALJ." *Ollila*, 2014 WL 7238128, at *3.

Second, the Commissioner contends that *Clevenger* stands for the proposition that *moderate* limitations must be included in the RFC, but *mild* limitations, like those assessed here, need not. *Clevenger*, 2016 WL 3911982, at *2 (finding the ALJ's failure to consider moderate social functioning limitations in developing claimant's RFC restrictions was error). This argument misses the mark. Even mild limitations may warrant the inclusion of workplace-related restrictions, and the Commissioner has failed to demonstrate the ALJ's omission in this case was harmless.

## Conclusion

For the reasons set forth above, the Court finds the record lacks substantial evidence to support the ALJ's decision, and this matter is REMANDED to the Commissioner for further consideration consistent with this order.

**IT IS SO ORDERED.**

Date:  September 14, 2017          /s/ Greg Kays
                                   GREG KAYS, CHIEF JUDGE
                                   UNITED STATES DISTRICT COURT